■ In the Matter of the Claim of MATTEO F. ADESSO, Respondent. LILLIAN ROBERTS, as Industrial Commissioner, Appellant. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 1981, which ruled that claimant was eligible to receive a relocation allowance under the Trade Act of 1974. Claimant lost his employment in New York on March 4, 1980. He began a new job in Connecticut on March 13, 1980, and a month later, on April 15, 1980, moved his family there. On June 3, 1980, his former New York employer was certified as an industry adversely affected by imported foreign products, thus qualifying its employees for benefits under the Trade Act of 1974. Claimant was aware that such certification was pending when he left the employer on March 4, but he first learned that certification had been approved in August, 1980. He then promptly applied for trade readjustment benefits. He received a job search allowance (US Code, tit 19, § 2297), but initially was denied a relocation allowance (US Code, tit 19, § 2298) because the implementing regulation for this allowance requires application to be made before relocation takes place (29 CFR 91.29 [a] [1], [c]). The Administrative Law Judge overruled this determination on the ground that claimant had no timely notice of his possible eligibility and applied promptly once he received such notice. The appeal board reversed the decision of the Administrative Law Judge on the basis of lack of compliance with 29 CFR 91.29. Subsequently, the board rescinded its first decision and declared claimant eligible for a relocation allowance, holding that his application should be deemed retroactive to April 14, 1980, the day before his actual relocation to Connecticut. The Industrial Commissioner has appealed, contending that the board's finding that claimant was eligible for a relocation allowance constituted an abuse of discretion. It is undisputed that claimant did not apply for a relocation allowance until over four months after he had moved to Connecticut. Therefore, the board's determination that claimant is eligible for the allowance is clearly contrary to 29 CFR 91.29, which expressly states that an application for a relocation allowance must be made *before* relocating, regardless of whether a certification covering the worker has been approved (29 CFR 91.29 [a] [1]), and emphasizes this requirement by further stating that "[a]n application for a relocation allowance made after relocation takes place cannot be granted" (29 CFR 91.29 [c]). Where the empowering provision of a statute provides for " 'such rules and regulations as may be necessary to carry out the provisions' " of the statute, a regulation promulgated thereunder is valid and "will be sustained so long as it is 'reasonably related to the purposes of the enabling legislation' " (*Mourning v Family Pub. Serv.*, 411 US 356, 369;

*Thrope v Housing Auth. of the City of Durham,* 393 US 268, 280-281). The Trade Act of 1974 specifically authorizes the promulgation of "such regulations as may be necessary to carry out" its provisions (US Code, tit 19, § 2320). Certainly, eligibility requirements for the relocation allowances, including the requirement that applications be made before relocating regardless of whether certification has been approved, are "reasonably related" to the act's specific purpose of "facilitating orderly adjustment to import competition" (see US Code, tit 19, § 2251, subd [a], par [1]). We cannot hold that the application-prior-to-relocation requirement has no reasonable relationship to this purpose. Therefore, the regulations are valid and must be sustained. We note, however, that the result is regrettable in that this claimant did not receive actual notice that his application had to be made prior to relocation, and he would have received such notice if, rather than promptly and conscientiously finding new employment, he instead had gone on unemployment benefits until his employer's pending certification was decided. We, therefore, suggest that the Industrial Commissioner devise additional means for ensuring advance notification to prospectively affected workers of the requirements of the foregoing regulation. Decision reversed, without costs, and claim dismissed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.